Robert J. Dillon #55496048
Federal Pretrial Detainees
Nevada Southern Detention Center
2190 East Mesquite Avenue
Pahrump, NV 89060

FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

DEC 2 1 2020

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

Pro Se

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
\*\*\*

|  |  |
|---|---|
| Robert J. Dillon | **2:20-cv-02319-APG-NJK** |
| Plaintiff(s) |  |
| vs. | **CIVIL RIGHTS COMPLAINT** |
| Correction Corporation of America, | **PURSUANT TO** |
|  | **42 U.S.C. § 1983** |
| Core Civic Inc., | |
| Damon T. Hininger CEO | **Demand For Jury Trial** |
| Nevada Southern Detention Center | |
| Mrs. Laurer,  Assistant Warden | |
| Mr. Dr. David Rivas, Medical Doctor | |
| Mrs. Bonnie Holley,  H.S.A | |
| Rebecca Smith, R.N | |
| Mr. Sapp, Chief Unit Management | |
| Mr. Kutz, Unit Manager | |
| Defendants(s) | |

## A. **JURISDICTION**

This complaint alleges that the civil rights of Plaintiff, Robert J. Dillon #54496048 Pretrial Detainee who presently resides at Nevada Southern Detention Center (NSDC), were violated by the actions of the below-named individuals that were directed against Plaintiff at Nevada Southern Detention Center in Pahrump, Nevada on the following dates:

For <u>Count</u> 1 – December 2019 to Present; for <u>Count</u> 2 – January 2020 to Present; for <u>Count</u> - 3 February to Present; and <u>Count</u> 4 – March to Present.

## **DEFENDANTS**

1) Defendant Correction Corporation of America, CoreCivic Inc. at 5501 Virgina Way Suite #110 Brentwood, TN 37027 and Nevada Southern Detention Center (NSDC) at 2190 East Mesquite Ave. Pahrump, Nevada 89060 and is contracted as Detention Center for Bureau Of Prison (BOP). These defendants are sued in their

  <u>X</u> official capacity. (Check one or both.) Explain how this defendants were acting under color of Federal law:  They have a contract with the Department Of Justice (DOJ) and the Bureau Of Prisons (BOP)  as a subsidiary of the Federal Government to house federal Detainees.

2) Defendant Damon T. Hininger, at 5501 Virginia Way Suite # 110 Brentwood, TN 37027 , is employed as Chief Executive Officer (CEO) at CoreCivic Inc. . This defendant is sued in his

  <u>X</u> individual <u>X</u> official capacity. (Check one or both.)  Explain how this defendant was acting under color of Federal law: He is the Chief Executive Officer for CoreCivic Inc. where Federal  Detainees are housed.

3) Defendant Mrs. Laurer, resides in State of Nevada, and is employed as Assistant Warden at Nevada Southern Detention Center; 2190 East Mesquite Ave. Pahrump, Nevada 89060. This defendant is sued in her

  <u>X</u> individual <u>X</u> official capacity. (Check one or both.)  Explain how this defendant was acting under color of Federal law: She is the Assistant Warden for NSDC where Federal  Detainees are housed.

4) Defendant Dr. David Rivas M.D., resides in State of Nevada, and is employed as Medical Provider at Nevada Southern Detention Center; 2190 East Mesquite Ave. Pahrump, Nevada 89060. This defendant is sued in his

_X_ individual _X_ official capacity. (Check one or both.) Explain how this defendant was acting under color of Federal law: He is a Medical Provider for NSDC where Federal Detainees are housed.

5) Defendant Mrs. Bonnie Holley, resides in State of Nevada, and is employed at Nevada Southern Detention Center; 2190 East Mesquite Ave. Pahrump, Nevada 89060 as H.S.A. This defendant is sued in her

_X_ individual _X_ official capacity. (Check one or both.) Explain how this defendant was acting under color of Federal law: She is in charge over Medical Department at NSDC which houses Federal Detainees.

6) Defendant Mrs Rebecca Smith R.N. , resides in State of Nevada, and is employed as R.N. At Nevada Southern Detention Center; 2190 East Mesquite Ave. Pahrump, Nevada 89060 This defendant is sued in her

_X_ individual _X_ official capacity. (Check one or both.) Explain how this defendant was acting under color of Federal law: She is in charge over Medical Nursing Department at NSDC which houses Federal Detainees.

7) Defendant Mr. Sapp resides in State of Nevada, and is employed as Chief Unit Manager at Nevada Southern Detention Center; 2190 East Mesquite Ave. Pahrump, Nevada 89060. This defendant is sued in his

_X_ individual _X_ official capacity. (Check one or both.) Explain how this defendant was acting under color of Federal law: He is in charge over Inmate Unit Management Department at NSDC which houses Federal Detainees.

8) Defendant Mr. Kutz resides at State of Nevada, and is employed as Unit Manager at Nevada Southern Detention Center; 2190 East Mesquite Ave. Pahrump, NV 89060 This defendant is sued in his

_X_ individual _X_ official capacity. (Check one or both.) Explain how this defendant was acting under color of Federal law: He is in charge over Inmate Unit Management Department at NSDC which houses Federal Detainees.

Jurisdiction is invoked pursuant to **42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(1) (3). If you wish to assert jurisdiction under different or additional statutes, list them below.**

**28 U.S.C § 1331 and 28 U.S.C § 1332 (a)(c)(1)**

## B. NATURE OF THE CASE

Plaintiff Mr. Robert J. Dillon Suffers form Diverticulitis and bleeding hemorrhoids. Since December 2019 he has been Bleeding internally without receiving adequate care, despite numerous requests to NSDC medical personnel and staff. After having had an procedure in of 2017 for this same medical condition. Plaintiff Mr. Robert J. Dillon has attempted to convey his condition to Dr. David Rivas M.D. , Mrs. Bonnie Holley (H.S.A), The Associate Warden Mrs. Laurer, His housing Unit Manager Mr. Kutz, the Chief Unit Manager Mr. Sapp as had multiple outside contacts address this issue on several occasions to the United States Marshals Service to no avail. Accountability Oversite and Transparency of the United States Marshals Service and Medical Staff here at Nevada Southern Detention Center (NSDC) need to be more proactive in implementing Detainee Measures of Protection.

Dr. Rivas insisted on that Plaintiff be placed on medications that Plaintiff has informed him the prescribed medications would not work due to prior attempts at being prescribed these same medications in the past by another Doctor. Plaintiff informed Dr. Rivas that the examination that His provider performed in 2017 involved a scope procedure. Dr. Rivas agreed to having knowledge of the scope procedure but, refused to schedule Plaintiff to have an examination or the Scope procedure done. Plaintiff has spoke to multiple medical and administrative staff regarding this matter along with having His Wife, His Attorney and Mother as well as many others call administration regarding His health and the Deliberate Indifference and Medical Negligence shown on behalf of The USMS, medical staff and Dr. Rivas at NSDC. Plaintiff has also filed multiple Inmate Sick Call Requests and Grievances on this matter Dated as far Back as January of 2020. Plaintiff has lost a lot of blood, weight and feels weak most of the time. The Plaintiff Needed a Medical Procedure performed (Anoscopy and possibly Surgery). Which He has had performed in the past which has not taken place and has yet to receive for over a period of 6 going on 7 months up to the date of July 16th 2020.

Plaintiff Robert J. Dillon had a Procedure done in 2017 By His provider on the streets which he has explained to Dr. Rivas. Thereafter, Having been detained to Nevada Southern Detention Center on 05/15/2019 Plaintiff's bleeding returned. After a period of 6 to 7 months, Plaintiff had the Litigation Treatment/Rubber Band Procedure on July 16th 2020 by and through having a Court Order Issued. The facility (NSDC) and US Marshals were to Schedule Plaintiff for a follow up procedure within Three Weeks after

the initial Surgery was preformed on July 16th of 2020. Dr. Luka from Colon Rectal Clinic scheduled for Robert to be brought back to His Clinic only after receiving a phone call from His (Roberts) Mother, Mary Barbee informing Him (Dr. Luka M.D.) that The Bleeding has continued In the Month of August. On August 19th Plaintiff was Scheduled and went for His Second Procedure. Plaintiff has been Scheduled for a Third follow up visit and examination after having a Second procedure preformed by Samuel R. Luka, MD on His August 19th visit to the Colon and Rectal Clinic located at 6080 S Durango Dr. Suite 105; Las Vegas, Nevada 89113.

On September 23rd 2020 Plaintiff was called to prepare Himself to be transported from the facility out to the Clinic for His third follow up Visit. At this time Plaintiff was sleeping. After being woke up By Corrections Officer T. Taylor, Plaintiff was told that He needed to pack up all of His belongings and wait on Transport for He was going to have to be placed in Quarantine for a period of 14 days upon His return to the facility due to the current COVID-19 outbreak within the facility. Without enough time to Get dressed, Brush His teeth, Wash His face or Use the Restroom. Approximately 10 to 12 minutes transport called the unit officer over the radio and stated "WE WILL HAVE TO CANCEL DETAINEE DILLONS APPOINMENT WE DON'T HAVE ENOUGH TIME TO GET HIM TO HIS APPOINMENT" and logged it down as an refusal to be transported on Mr. Dillons behalf. Plaintiff is still suffering from Pain and Bleeding.

On December 1st of 2020 Plaintiff Robert was scheduled and taken out to the Colon and Rectal Clinic located at 6080 S Durango Dr. Suite 105; Las Vegas, Nevada 89113 for the Third visit to address His Medical issue. Upon arrival to the clinic Plaintiff was provided with the information that, Dr. Samuel R. Luka, MD had been relieved of his position as a MD at the clinic thereafter, Plaintiff was seen by Dr. Roger W. Hsiung MD FACS FACSRS. Dr. Hsiung performed an Anoscopy as well as a Proctoscopy and it was determined that The Bleeding that Mr. Dillon has been suffering from was actually coming from His (Roberts) Colon and Not from hemorrhoids. Which would be a Misdiagnosis on the behalf of Doctor Samuel R. Luka MD. This would determine that Mr. Dillon would need a Colonoscopy. Mr. Dillon could be subjected to having Cancer as well s other Medical issues do to Dr. Samuel R. Luka's Misdiagnosis. At the time of the writing of this complaint, Plaintiff ROBERT J. DILLON is waiting to be referred to an Specialist to address His serious Medical issues and concerns. The whole of this unfortunate situation could have been prevented with a initial thorough examination from the detention facilities (NSDC) Medical Staff as well as Dr. Samuel R. Luka M.D. At the Colon and Rectal Clinic. The Plaintiff is still suffering from stomach Pain and Bleeding that has progressed as of the writing of this Complaint.

On December 5th of 2020 at approximately 1:26pm Plaintiff had asked of His Brother Melvin to go and retrieve the Unit Officer CO D. Ward ID # 41204114. Officer Ward was shown by Plaintiff His Bloody Stool in the Unit F4 bathroom stall #1 Officer

Ward advised the Medical Officer and was told to send Robert down to Medical. Once Robert started getting ready for Medial the Medical Officer advised Officer Ward not to send Robert down and that the nurse's would be down in the Unit to see Robert. At 2:20pm Officer Ward called an Medical Emergency due to The expressed Pain that Robert was feeling. At approximately 2:35pm Captain Markuson and three other Officers responded to the Emergency. They proceeded to question Robert about His current Condition. Robert Explained to Them all that He has experienced Blood in His Stool, having Stomach Pains and in need of Medical treatment. Shortly after Two Nurses showed up and performed a cursor examination consisting of a Temperature Check, Blood Pressure Check (a total of 3 times) and Oxygen Level Check. Nurse Melanie Krueger RN proceeded to state to Robert that after having performed the Cursor examination, that there is nothing that they can do for Him and He needed to rest and drink water until she was able to speak to the Doctor about his situation. Robert then Requested to be taken to the Hospital which He was denied. He then suggested for them to take a Stool sample which was initially denied. Approximately 30 to 45 minutes later Mrs. Pretty RN returned with a Kit for Robert to collect His Stool in. At the writing of this Complaint Robert is still suffering from Stomach Pain as well as Bleeding from His Rectum.

*See: EXIBITZ A OF INMATE SICK CALL/MEDICAL REQUESTS 1- 11*

*See: EXIBITZ B GRIEVANCES AND RESPONSES 1 – 3*

*See: EXIBITZ C COURT ORDER MOTION & DOCTOR'S REPORTS*

## C. CAUSES OF ACTIONS

The Medical Personnel and Unit Management Team At Nevada Southern Detention Center has Blatantly Showed **Medical Negligence, Deliberate Indifference, Reckless Disregard, Respondent Superior, Cruel and Unusual Punishment** to MR. ROBERT J. DILLON In Violation of the HIS **5**[th] and **8**[th] Amendments of the Constitution along with, Plaintiffs basic human rights, inhuman, and degrading treatment guaranteed by the **Convention Against Torture** *(CAT)* and the **International Covenant on the Civil and Political Rights** *(ICCPR)*.

## COUNT 1

**The 5th Amendment Due Process Clause Compels the Court to Protect Defendant from Punitive Conditions of Confinement and Ensure that Defendant is Afforded Adequate Medical Care.**

The Medical Staff at NSDC, Dr. David Rivas DO, Mrs. Bonnie Holley H.S.A, Mrs. Rebecca Smith RN and Damon T. Hininger CEO of CoreCivic Inc. Violated Plaintiff Robert J. Dillon's Constitutional and Civil Rights.

*"A person that deprives incarcerated people of basic sustenance, including adequate medical care, is incompatible with the concept of human dignity and has no place in civilized society" 563 U.S. 493, 510-11 (2011).*

*A pretrial detained person's freedom from pretrial confinement is a fundamental right protected by the Due Process Clause;* any government action infringing on this right must be narrowly tailored to achieve a compelling government interest. *United States v. Salerno,* **481 U.S. 739, 755 (1987).** the constitutional protections of people detained pretrial arise under the 5th Amendment Due Process Clause, which provides protection even greater than the 8th Amendment. *Bell v. Wolfish,* **441 U.S. 520, 535 (1979).** The 8th Amendment, which applies to persons convicted of criminal offenses, allows punishment as long as it is not cruel and unusual, but the 5th Amendment due process protections do not allow pretrial punishment at all. *Id.* Although the Government has an interest in detaining a defendant to secure their appearance at trial, Government may only subject a detained person *"to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise affirmed*

*the Due Process Clause's prohibition to pretrial punishment, and elaborated that "if the condition of confinement being challenged 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment.'"* **135 S. Ct. 2466, 2470 (2015);** see also *Doe v. Kelly,* **878 F.3d 710 (9ᵗʰ Cir Cir. 2017)** *("a particular restriction or condition is punishment if the restriction or condition is not reasonably related to a legitimate government objective or is excessive in relation to the legitimate governmental objective").*

Furthermore, in ***Brown v. Plata,*** the Supreme Court explained that a person in prison "may suffer or die if not provided adequate medical care. A prison that deprives incarcerated people of basic sustenance, including adequate medical care, is incompatible with the concept of human dignity and has no place in civilized society." **563 U.S. 493, 510-11 (2011).** The claims of imprisoned people in ***Brown v. Plata*** arose under the **8ᵗʰ** Amendment. *People detained before trial likewise have the legal right to adequate medical care, given that their rights are at least as great as those of convicted persons being punished by imprisonment.*

Plaintiff is therefore entitled to adequate medical care, yet the current conditions of confinement and Medical Negligence create an unreasonable risk of exposure to decreasing health as well as violations of Plaintiffs Robert J. Dillons Constitutional Rights.

## COUNT 2

**The 8th and 5th Amendment to the U.S. Constitution – Deliberate Indifference/Reckless Disregard/Medical Negligence/Respondent Superior Cruel and Unusual Punishment .**

Plaintiff was subjected to **Emotional Distress, Deliberate Indifference, Reckless Disregard, Medical Negligence, Respondent Superior Cruel and Unusual Punishment** due to his severe bleeding. After having put in multiple Sick Call Request and Grievances. Plaintiff Robert J. Dillon had to result to having His Attorney's Firm File a Motion to Compel this Facilities Personnel Warden Brian Koehn, Mrs. Laurer, Assistant Warden, Mr. Dr. David Rivas, Medical Doctor/Provider, Mrs. Holley, H.S.A, Rebecca Smith, R.N, Mr. Sapp, Chief Unit Management, Mr. Kutz, Unit Manager as well as The US Marshal M. Jefferson to Provide the Proper Medical Care Needed which prior to the Court order Subjected Robert to Substantial **Cruel and Unusual Punishment** Under The 8th and 5th Amendment Of the Constitution.

## COUNT 3

**The 5th Amendment Due Process Clause Compels the Court to Protect Defendant from Punitive Conditions of Confinement, Medical Negligence and Ensure that Defendant is Afforded Adequate Medical Care.**

Plaintiff's 5th Amendment **Due Process Rights** were Violated By Facilities Personnel Mrs. Laurer, Assistant Warden, Mr. Dr. David Rivas, Medical Doctor, Mrs. Holley, H.S.A, Rebecca Smith, R.N, Mr. Sapp, Chief Unit Management, Mr. Kutz, Unit Manager as well as The US Marshal M. Jefferson by not responding to his many Request to Have the Medical Procedure done that eventually had to be Preformed. The 5th Amendment **Due Process Clause** is and was established to prevent such harm ship form occurring especially in the case of Mr. Dillon as He is a Pretrial Detainee who is not to be subjected to any harm *See Bell v. Wolfish,* **441 U.S. 520, 535 (1979).** The 8th Amendment, which applies to persons convicted of criminal offenses, allows punishment as long as it is not cruel and unusual, but the 5th Amendment due process protections do not allow pretrial punishment at all. *Id.*

## COUNT 4

**The 5th Amendment Due Process Clause Compels the Court to Protect Defendant from Punitive Conditions of Confinement, Medical Negligence and Ensure that Defendant is Afforded Adequate Medical Care.**

Plaintiff's 5th Amendment **Due Process Rights** were Violated By Facilities Personnel Mrs. Laurer, Assistant Warden, Mr. Dr. David Rivas, Medical Doctor, Mrs. Holley, H.S.A, Rebecca Smith, R.N, Mr. Sapp, Chief Unit Management, Mr. Kutz, Unit Manager as well as The US Marshal M. Jefferson by not responding to his many Request to Have the Medical Procedure done that eventually had to be Preformed. The 5th Amendment **Due Process Clause** is and was established to prevent such harm ship form occurring especially in the case of Robert as He is a Pretrial Detainee who is not to be subjected to any harm *See Bell v. Wolfish,* **441 U.S. 520, 535 (1979).** The 8th Amendment, which applies to persons convicted of criminal offenses, allows punishment as long as it is not cruel and unusual, but the 5th Amendment due process protections do not allow pretrial punishment at all. *Id.*

## IN CLOSING

*A pretrial detained person's freedom from pretrial confinement is a fundamental right protected by the Due Process Clause;* any government action infringing on this right must be narrowly tailored to achieve a compelling government interest. *United States v. Salerno,* **481 U.S. 739, 755 (1987).** the constitutional protections of people detained pretrial arise under the 5th Amendment Due Process Clause, which provides protection even greater than the 8th Amendment. *Bell v. Wolfish,* **441 U.S. 520, 535 (1979).** The 8th Amendment, which applies to persons convicted of criminal offenses, allows punishment as long as it is not cruel and unusual, but the 5th Amendment due process protections do not allow pretrial punishment at all. *Id.*

Plaintiff is therefore entitled to adequate medical care, yet the current conditions of confinement and Medical Negligence create an unreasonable risk of exposure to decreasing health as well as violations of Plaintiff's Robert J. Dillon's

Constitutional Rights.

## D.  REQUEST FOR RELIEF

I believe I am entitled to the following relief:

(1)  Trial by jury;

(2)  Compensatory Damages; $2,000,000

(3)  Punitive Damages; $6,000,000

(4)  Mental and Emotional Distress; $2,000,000

   (5)  Injunctive Relief; Address The Policies Of CoreCivic Inc.  Nevada Southern Detention Center's Emergency Medical Response.


I understand that a false statement or answer to any question in this complaint will subject me to penalties of perjury.  **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.** *See 28 U.S.C. § 1746 and 18 U.S.C. § 1621.*


**Robert J. Dillon**     (Plaintiff)

12·16·2020
**Date**


(Name of person who prepared or helped prepared this complaint if not Plaintiff)  Pro Se Litigate