**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

ROBERT J. DILLON,

Plaintiff,

v.

CORRECTION CORP OF AMERICA, et al.,

Defendants.

Case No. 2:20-cv-02319-APG-NJK

**ORDER**

This is a civil rights action that was initiated by plaintiff Robert J. Dillon, a federal pretrial detainee housed at the Nevada Southern Detention Center. ECF No. 1-1 at 1-2.  Dillon has paid the full filing fee. ECF No. 5.  Dillon sues the Nevada Southern Detention Center and Correction Corporation of America, which has a contract to operate a detention center for the Department of Justice's Bureau of Prisons. ECF No. 1-1 at 2.  He also sues the Chief Executive Officer of CoreCivic Inc., Damon T. Hininger, and the following employees for the Nevada Southern Detention Center: Assistant Warden Mrs. Lauer, Dr. David Rivas, Bonnie Holley, Rebecca Smith, Mr. Sapp, and Mr. Kutz.  I will not screen this case because screening is not authorized by 28 U.S.C. § 1915A(a) or 28 U.S.C. § 1915(e)(2).

A federal court must conduct a preliminary screening in any case in which a prisoner, including a pretrial detainee, brings an action seeking redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  Although Dillon initiated this action as a pretrial detainee, he is not suing a governmental entity or officer or employee of a governmental entity.  He is suing a private corporation, a private chief executive officer, a

1  private prison, and the private prison's employees.  These defendants are private entities or

2  employees of private entities. Under these circumstances, a screening order is not authorized by

3  § 1915A(a). *See Perotti v. Corr. Corp. of Am.*, No. 3:08-CV-0132-RRB, 2008 WL 11429340, at

4  *1–3 (D. Alaska Aug. 1, 2008) (recognizing that the screening requirement of § 1915A(a) does

5  not apply where the defendant was a private prison because privately-operated prisons are not

6  governmental entities).

7       Nor does the screening provision of § 1915(e)(2) apply to this case.  Under that statute,

8  the court is authorized to screen a case when the plaintiff is proceeding *in forma pauperis*. *See* 28

9  U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (holding that

10  "§ 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners").

11  However, Dillon has paid the full filing fee and is not attempting to proceed *in forma pauperis*.

12       Accordingly, I do not have authorization to screen this complaint.  This case will proceed

13  on the normal litigation track as guided by the Federal Rules of Civil Procedure.

14       I THEREFORE ORDER that the Court will not issue a screening order in this case.

15       I FURTHER ORDER that this case shall proceed on the normal litigation track as guided

16  by the Federal Rules of Civil Procedure.

17       DATED THIS  5th day of February 2021.

18

19                                          UNITED STATES DISTRICT JUDGE

20

21

22

23

2