**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT J. DILLON,<br><br>     Plaintiff(s),<br><br>v.<br><br>CORRECTION CORPORATION OF<br>AMERICA, et al.,<br><br>     Defendant(s). | Case No. 2:20-cv-02319-APG-NJK<br><br>**Order**<br><br>[Docket No. 23] |

Pending before the Court is Defendants' motion to strike exhibits. Docket No. 23. Plaintiff filed a response in opposition. Docket No. 28.[1] Defendants filed a reply. Docket No. 29. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to strike is **GRANTED** in part and **DENIED** in part.[2]

**I.     EXHIBITS IN COMPLAINT**

Defendants first seek to strike the exhibits attached to the complaint at Docket No. 1-2. Motions to strike portions of a pleading are governed by Rule 12(f) of the Federal Rules of Civil Procedure. Except with respect to situations not applicable here, "a party that makes a motion under [Rule 12] of the Federal Rules of Civil Procedure must not make another motion under this rule raising a defense or objection that was available to the party but omitted from the earlier motion." Fed. R. Civ. P. 12(g)(2). "Rule 12(g)'s consolidation requirement applies not only to Rule 12(b) defenses, but also to a motion for more definite statement under Rule 12(e) and to a

---

[1] As Plaintiff is a prisoner proceeding without an attorney, the Court construes his filings liberally. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

[2] Resolution of a motion to strike is a non-dispositive matter within a magistrate judge's authority to resolve. *E.g.*, *Redwind v. W. Union, LLC*, 2019 WL 6131439, at *1 (D. Or. Nov. 19, 2019).

1

motion to strike under Rule 12(f)." 2 MOORE'S FED. PRAC.-CIV., § 12.21 (2021); *accord First Citizens Bank & Trust Co. v. Taipei Invs. LLC*, 2020 WL 3891461, at *3 (C.D. Cal. June 23, 2020); *Baroness Small Estates, Inc. v. BJ's Restaurants, Inc.*, 2011 WL 13228020, at *2 (C.D. Cal. Sept. 15, 2011); *Topadzhikyan v. City of Glendale*, 2011 WL 13124623, at *1 (C.D. Cal. Mar. 17, 2011); *Lemanski v. Regents of the Univ. of Cal.*, 2008 WL 3916021, at *3 n.1 (N.D. Cal. Aug. 22, 2008). In this case, Defendants' motion to strike was filed more than two weeks after they filed their motion to dismiss the complaint. *See* Docket No. 20 (motion to dismiss). Hence, the motion to strike as to the exhibit attached to the complaint is untimely.[3]

In addition, courts routinely require a showing of prejudice before striking material from a pleading given the disfavored status of a Rule 12(f) motion to strike. *See, e.g.*, *Roadhouse v. Las Vegas Metro. Police Dept.*, 290 F.R.D. 535, 543 (D. Nev. 2013). "Especially with respect to filings of *pro se* litigants who may be unfamiliar with the technical aspects of the applicable rules, the Court does not find it be a useful expenditure of resources to entertain motions to strike without any showing of prejudice." *Mitchell v. Nev. Dept. of Corr.*, No. 2:16-cv-00037-RFB-NJK, 2017 U.S. Dist. Lexis 59072, at *2 (D. Nev. Apr. 18, 2017). In this case, Defendants have not identified any actual prejudice with respect to this document.

Accordingly, the motion to strike is denied with respect to Docket No. 1-2.[4]

## II.    SUPPLEMENTAL EXHIBITS

Defendants next seek to strike exhibits filed on the docket without specific indication as to their purpose. Docket Nos. 4, 6, 13. The Court has authority to strike an improper filing under its

---

[3] In the motion to dismiss, Defendants argue that this exhibit should not be afforded significant consideration. *See* Docket No. 20 at 3 n.3. Of course, the Court does not herein opine on whether or how the exhibit should be considered with respect to the motion to dismiss.

[4] Without meaningful elaboration, the motion also cites various local rules indicating that the Court "may" strike material in certain circumstances. *See* Docket No. 23 at 2. The motion does not specifically explain why any of those local rules applies to the exhibit attached to the complaint. At any rate, the existence of these rules cannot render Defendants' motion timely because the Court cannot apply its local rules in a manner that is inconsistent with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 83(a). In addition, the Court would require a showing of prejudice even if it were applying one of these local rules. *Cf. Mitchell*, 2017 U.S. Dist. Lexis 174002, at *2 (requiring showing of prejudice for motion to strike under the Court's inherent authority).

inherent power to control its docket. *E.g.*, *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). "Motions to strike under the inherent power . . . are wholly discretionary." *Jones v. Skolnik*, 2015 WL 685228, at *2 (D. Nev. Feb. 18, 2015). In deciding whether to exercise that discretion, courts consider whether striking the filing would "further the overall resolution of the action," and whether the filer has a history of excessive and repetitive filing that have complicated proceedings. *Id.* "Courts have expressed reluctance at striking material without some showing of prejudice to the moving party." *Benson v. Nevada*, 2017 U.S. Dist. Lexis 52095, at *2 (D. Nev. Apr. 4, 2017) (citing *Roadhouse*, 290 F.R.D. at 543). The Court finds that striking these particular documents is warranted.[5]

The Court's docket is not a repository for miscellaneous documents that a litigant believes may support his claims. To the extent Plaintiff has documents that he needs to share as discovery or initial disclosures, those must be served on the opposing party and not filed with the Court. Local Rule 26-7. To the extent Plaintiff has documents that may support a desire to amend the complaint, then he must file a proper motion for leave to amend. *See* Local Rule 15-1; *see also* Local Rule 7-2(g) (disallowing the filing of supplemental pleadings without leave of court). To the extent Plaintiff has documents that he believes support a matter at issue in motion practice, then the documents must be filed in briefing that motion practice. In short, Plaintiff is not permitted to file rogue "supplements" on the docket.

Moreover, Plaintiff's filing of rogue documents attempting to supplement his complaint, to supplement his briefing on a motion, and/or to seek leave to amend not only clutters the docket, it also risks confusing the issues in the case. *Cf.* Local Rule 15-1(a) (noting that an amended pleading must be complete in itself). Striking these documents will further the overall resolution of the action and will prevent any prejudice to Defendants with respect to notice as to the claims being brought and the arguments being advanced to which response is necessary.

Accordingly, the motion to strike is granted with respect to Docket Nos. 4, 6, 9, and 26.

---

[5] Plaintiff filed yet another "addendum" after the motion to strike was filed. Docket No. 26. For the reasons stated in this section, that exhibit will also be stricken.

**III.   CONCLUSION**

For the reasons discussed more fully above, Defendants' motion to strike is **GRANTED** in part and **DENIED** in part.  The Clerk's Office is **INSTRUCTED** to strike Docket Nos. 4, 6, 9, and 26.

IT IS SO ORDERED.

Dated: July 19, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

4