UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT J. DILLON,<br><br>  Plaintiff(s),<br><br>v.<br><br>CORRECTION CORPORATION OF AMERICA, et al.,<br><br>  Defendant(s). | Case No. 2:20-cv-02319-APG-NJK<br><br>**Order**<br><br>[Docket No. 31] |

  Pending before the Court is Defendants' motion to stay discovery pending resolution of their motion to dismiss. Docket No. 31; *see also* Docket No. 20 (motion to dismiss). Plaintiff did not respond to the motion to stay discovery, but he did respond to the motion to dismiss. *See* Docket No. 25. The motion to stay discovery is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to stay discovery is **GRANTED** in part and **DENIED** in part.

  The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). Discovery should proceed absent a "strong showing" to the contrary. *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The case law in this District makes clear that requests to stay discovery may be granted when: (1) the underlying motion is potentially dispositive in scope and effect; (2) the underlying motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the underlying motion and is convinced that the plaintiff will be unable to prevail. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev.

1

2013). The Court is guided in its analysis by the objectives in Rule 1 to secure a just, speedy, and inexpensive determination of cases. *Tradebay*, 278 F.R.D. at 602.

Defendants have not made the strong showing required for a complete stay of discovery. Particularly given the liberal pleading standards that apply to *pro se* prisoners bringing civil rights claims, *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013), the undersigned is not convinced that Plaintiff will be unable to state a claim for relief.[1] As such, a case-wide stay of discovery is not warranted.

The Court notes, however, that Defendant Hininger is challenging the Court's ability to exercise personal jurisdiction over him. Docket No. 20 at 9-14. A challenge to personal jurisdiction is a critical threshold issue that strongly favors a stay or other limitations on discovery. *E.g.*, *Hologram USA, Inc. v. Pulse Evolution Corp.*, 2015 WL 1600768, at *1 (D. Nev. Apr. 8, 2015). Viewing the jurisdictional arguments presented by Defendant Hininger and the other applicable considerations, the Court finds that a stay is warranted as to any discovery involving Defendant Hininger.

Accordingly, the motion to stay discovery is **GRANTED** in part and **DENIED** in part. Discovery will proceed generally, but will be stayed as to Defendant Hininger only. The Court will issue a scheduling order concurrently herewith. Moreover, in the event resolution of the motion to dismiss does not result in the dismissal of Defendant Hininger, a stipulation with proposed deadlines as to Defendant Hininger must be filed within 14 days of the issuance of that order.

IT IS SO ORDERED.

Dated: August 6, 2021

Nancy J. Koppe
United States Magistrate Judge

---

[1] Conducting the preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the underlying motion may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome. *See id.* As a result, the undersigned will not provide a lengthy discussion of the merits of the underlying motion in this instance. Nonetheless, the undersigned has carefully reviewed the arguments presented in the underlying motion practice.