# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT DILLON,<br><br>　　　Plaintiff(s),<br><br>v.<br><br>CORRECTION CORP. OF AMERICA, et al.,<br><br>　　　Defendant(s). | Case No. 2:20-cv-02319-APG-NJK<br><br>**Amended Order**<br><br>[Docket No. 39, 41] |

Pending before the Court is Plaintiff's motion to join parties, as well as a motion to supplement that filing. Docket Nos. 39, 41. Defendants filed a response in opposition. Docket No. 43. Plaintiff filed a reply. Docket No. 45.[1]

As the identified parties are already defendants in this case, it does not appear that Plaintiff is actually seeking to join new parties. *See* Docket No. 7 (complaint identifying Laurer, Rivas, and Smith as Defendants). It appears instead that Plaintiff is seeking relief with respect to his failure to serve these defendants.[2] So construed, there are at least two components missing from this request. First, the already-extended deadline to effectuate service expired on June 21, 2021, Docket No. 11, and no explanation has been provided to show that a further extension is warranted, *see* Fed. R. Civ. P. 4(m). Second, proper service is a requirement to afford Defendants due process under the law, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950), and Plaintiff has not provided any meaningful explanation as to how the Court can simply discharge the requirement for service. Moreover, to the extent Plaintiff is asking the Court to itself effectuate

---

[1] On October 21, 2021, the Court issued an order resolving these motions. Docket No. 44. Later that same day, Plaintiff filed a reply. Docket No. 45. The reply does not change the outcome.

[2] As Plaintiff is proceeding without an attorney, the Court construes his filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

service, *see* Docket No. 39 at 2 (Plaintiff "turns to the courts to see to it that Named defendants are served"), the Court declines to do so as it is neither the paralegal nor the attorney for Plaintiff, *see, e.g.*, *Gibbs v. Fey*, 2017 WL 8131473, at *3 (D. Nev. Nov. 14, 2017) (explaining that it is the responsibility of a pro se litigant, not the Court, to identify a method for accomplishing service).

Accordingly, the motion to supplement (Docket No. 41) is **GRANTED**, but the motion to join parties (Docket No. 39) is **DENIED** without prejudice.  To the extent Plaintiff seeks relief with respect to unserved defendants, he must file a motion explaining why the deadline for service should be extended and must provide a basis for any other service-related relief he seeks.

IT IS SO ORDERED.

Dated: October 22, 2021

_____
Nancy J. Koppe
United States Magistrate Judge