**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT J. DILLON, | Case No. 2:20-cv-02319-APG-NJK |
| Plaintiff(s), | |
| v. | **ORDER** |
| CORRECTION CORPORATION OF AMERICA, et al., | [Docket No. 47] |
| Defendant(s). | |

Pending before the Court is Plaintiff's motion to compel. Docket No. 47. Defendants filed a response in opposition. Docket No. 49. The Court does not require a reply.

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). Discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer . . . before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-7(c).[1] The discussions must include robust discussion as to each of item in dispute. *See, e.g.*, *ShuffleMaster, Inc. v. Progressive Games, Inc*., 170 F.R.D. 166, 171 (D. Nev. 1996); *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993).

In this case, the motion to compel explains that Plaintiff sent a letter on October 26, 2021, indicating that discovery responses were overdue and requesting that they be provided. *See* Docket

---

[1] While the meet-and-confer must in general be conducted through oral communication, prisoners may satisfy their obligations through written correspondence. Local Rule IA 1-4(f)(1).

1

No. 47 at 18.  Plaintiff received discovery responses that same day.  *See id.* at 21-51.  Although the motion to compel argues that those responses are improper, Plaintiff has not identified any meet-and-confer efforts as to the responses that were actually provided.[2]

Accordingly, the motion to compel is **DENIED** without prejudice.  To the extent Plaintiff disputes the sufficiency of the discovery responses provided, he must discuss those issues through the meet-and-confer process.

IT IS SO ORDERED.

Dated: November 17, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] In an effort to streamline dispute resolution moving forward, the Court notes that a party has <u>33 days</u> to respond to discovery that is served by mail.  *See, e.g., Bishop v. Potter*, 2010 WL 275332, at *2 (D. Nev. July 14, 2010) (discussing Fed. R. Civ. P. 6(d)).