**Robert J. Dillon #55496048**
Federal Detainees
2190 E. Mesquite Ave.
**Pahrump, NV 89060**

*Pro Se*

```
_____ FILED          _____ RECEIVED
_____ ENTERED        _____ SERVED ON
             COUNSEL/PARTIES OF RECORD

             JAN 2 0 2022

        CLERK US DISTRICT COURT
          DISTRICT OF NEVADA
BY: _____ DEPUTY
```

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
### ***

Robert J. Dillon,

      *Plaintiff*

      Vs.                    Civil No: **2:20-CV-02319-APG-NJK**

Corporation Corporation of America, et al.,

      *Defendant(s)*

---

### PLAINTIFFS SHOW CAUSE MOTION TO
### DEFENDANTS MOTION TO DISMISS UNSEVERED
### DEFENDANT'S
### *Pursuant to Fed. R. Civ. P. 4(d)(2)*

In support of this Motion to Show Cause and in good faith plaintiff shows the following:

Plaintiff Robert J. Dillon filed a pro se Civil Rights Complaint Pursuant to *42 U.S.C § 1983.* *(Dkt. 1-1)* On *December 22, 2020* naming said Defendants as having violated His *14th*, *8th*, and *5th* Amendment rights to the Constitution. Defendant's *(1) Correction Corporation of America, (2) CoreCivic Inc., (3) Damon T. Hininger, (4) Nevada Southern Detention Center, (5) Pamela Laurer, Assistant Warden, (6) Bonnie Holley, H.S.A, (7) Dr. David Rivas, Medical Director, (8) Rebecca Smith R.N., (9) Mr. Sapp, Chief Unit Management and (10) Mr. Kutz, Unit Manager.* Collectively were directly tied to the Deliberate Indifference and Medical Negligence Claims that the Plaintiff asserts in His Complaint *(Dkt. 1-1)* by way of having firsthand knowledge of plaintiffs Medical condition and doing all but nothing to correct it violating His constitutional rights. At the filing of plaintiffs Complaint defendant's *Pamela Laurer, David Rivas* and *Rebecca Smith* were all employed at *Nevada Southern Detention Center*. Shortly after the filing of the Complaint *Laurer, Rivas* and *Smith* were no longer employed at *N.S.D.C*. It is highly unlikely that this was coincidental. It merely shows avoidance in being held liable.

PLAINTIFFS SHOW CAUSE MOTION

*Statement of Facts*

Plaintiff on or about *February 3rd, 2021* issued Summons as to *Correction Corporation of America, CoreCivic Inc., Nevada Southern Detention Center, Damon T. Hininger, Bonnie Holley, Mr. Kutz, Laurer, David Rivas, Mr. Sapp,* and *Rebecca Smith re 7* Complaint,. *(Dkt. 8)* Defendant's *Pamela Laurer, David Rivas, Rebecca Smith* avoided service of the summons and complaints. *See EXHIBIT A*

Thereafter, plaintiff as required by *Rule 4* requested a extension on or about *3/31/2021 (Dkt. 10)* the Court Granted plaintiffs Motion to Extend Time requiring proof of service due by *6/21/2021*.

On or about *3/22/2021* plaintiff, through and by a third party entity issued *AO 398 Notice of a Lawsuit and Request to Waive Service of a Summons* forms to all said defendant's. Defendant's *Pamela Laurer, David Rivas,* and *Rebecca Smith* have not filed or served an answer or taken other action as may be permitted by law although more than *320 days* have passed since the attempt to effectuate process of service date.

LEGAL ARGUMENT

I.

A pro se complaint, however inartfully pleaded, is held to less stringent standards than formal pleadings drafted by lawyers, and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. It will, therefore, be an abuse of discretion for the district court to grant summary judgment before permitting discovery.

- *Jurisdiction Invoked Pursuant to 42 U.S.C. §§ 1981, 1983, 1985(3) and 1988 and Nevada's Long-Arm Statue, NRS 14.065.1*
- Courts generally disfavor summary judgment where relevant evidence remains to be discovered. *Taylor v. Sentry Life Ins., 729 F.2d 652, 656 (9th Cir. 1984)(per curiam)*.

A. Legal Standard

To support a *§ 1983* claim against a private entity performing a traditional public function, such as providing medical care to prisoners, a plaintiff must allege facts to support that a policy, decision, or custom promulgated or endorsed by the private entity violated the prisoner's constitutional *{2020 U.S. Dist. LEXIS 29}* rights. *See Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1138-39 (9th Cir. 2012)* (extending the "official policy" requirement for municipal liability under *Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)*, to private entities acting under *color of law*). Under *Monell*, a plaintiff must show: *(1) he suffered a constitutional injury; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy or custom "was the moving force behind the constitutional injury." Mabe v. San Bernardino Cty., Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1110-11 (9th Cir. 2001) (internal quotation marks and citation omitted). CoreCivc Inc.* which is run by *Damon T. Hininger* is a private corrections Corporation which owns and operates *Nevada Southern Detention Center* and its official policies. Thereby binding *CoreCivic Inc.* to Culpable Liability Under The Color of Law. Plaintiff alleges that the defendant is *(a) liable for his own conduct because he*

*helped create policies and procedures that violated plaintiffs' constitutional rights; and (b) liable because he was deliberately indifferent to his subordinates' constitutional violations.*
**See Fifth Constitution to the Amendment.**

Defendants **Correction Corporation of America, CoreCivic Inc.,** own and operates **Nevada Southern Detention Center,** which has a contract to operate a detention center for the Department of Justice's Bureau of Prisons. **ECF No. 1-1 at 2** these named defendants are a private corporation, and a private prison, which are both overseen by **Damon T. Hininger,** a private chief executive officer, "responsible for the implementation of policies and procedures" **Hininger** has responded to **Request to Waive Service of a Summons** form issued by a third party entity on or about **3/22/2021. see EXHIBIT B**

**<u>Pursuant</u> to Fed.R.Civ.P. 4(h)(B)** all said defendant's have been severed.

**(h) Serving a Corporation, Partnership, or Association.** *Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:*

*(1) in a judicial district of the United States:*

*(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or*
*(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant;*

### B. Legal Standard

Case Law suggests that it is the Marshal's responsibility as long as you provide enough information to identify the defendant. *See **<u>Byrd v. Stone</u>**, 944 F.3d 217, 219 (6ᵗʰ Cir. 1996);* **<u>Graham v. Satkoski</u>**, *51 F.3d 710, 713 (7ᵗʰ Cir. 1995) (stating "once the former prison employee is properly identified, the Marshals Service should be able to ascertain the individual's current address and, on the basis of that information, complete service");* **Sellers v. U.S.,** *902 F.2d 598, 602 (7ᵗʰ Cir. 1990)* **<u>Jones-Bey v. Wright</u>**, *876, F. Supp. 195, 197-98 (N.D.Ind. 1995) (if a defendant is no longer employed at an institution, the Marshal shall ask the prison or the prison department the defendant's current address and shall attempt service at that address);* **Sidney v. Wilson,** *228 F.R.D. 517, 523 (S.D.N.Y. 2005) (Marshals have duty to determine change of address of defendant)*

Plaintiff has attempted to show cause through exhaustion of requirements by *Law **<u>Pursuant to</u>** Fed.R.Civ.P. 4(c)(1)* and *(d)(1)*

***Failure to Waive.*** If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:

*(A) the expenses later incurred in making service; and*

*(B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses*

It has also been stated in an *Order* of the court that, "The court finds that Plaintiff has a somewhat likelihood of success on the merits. As demonstrated by the *Order* denying in part Defendants' motion to stay discovery, the undersigned is not convinced that Plaintiff will be unable to state a claim". *see Dkt. 35 at 23-25*

All named defendants are legally responsible and shall be held accountable. Failure to properly serve should not allow for them to get off the hook as they have failed to respond to waivers of service.

"Prison officials are deliberately indifferent to a prisoner's serious medical needs when they 'deny, delay or intentionally interfere with medical treatment.'" *Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (quoting Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988))*.

Deliberate indifference may also be shown where prison officials fail to respond to a prisoner's pain or possible medical need. *Jett, 439 F.3d at 1096*. "In deciding whether there has been deliberate indifference to an inmate's serious medical needs, [courts] need not defer to the judgment of prison doctors or administrators.'" *Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989))*. Plaintiff at the writing of this motion is suffering from serious medical needs untreated.

For the foregoing reasons, the court should Grant the plaintiff's motion to show cause

1-17-2022
**Date**

**Robert J. Dillon #55496048**
Federal Detainee
2190 E. Mesquite Ave.
**Pahrump, NV 89060**

## UNSWORN DECLARATION BY INMATE

I understand that a false statement or answer to any question in this Motion will subject Me to penalties of perjury. *WE DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT. See: 28 U.S.C. § 1746 and 18 U.S.C. § 1621.*

*Executed at Nevada Southern Detention Center on* 1-17-2022
**Date**

*Robert J. Dillon*
**Robert J. Dillon**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above forgoing **PLAINTIFFS SHOW CAUSE MOTION TO DEFENDANTS MOTION TO DISMISS UNSEVERED DEFENDANTS** *Pursuant to Fed. R. Civ. P. 4(d)(2)* has been served by placing in the United States Mail postage prepaid on the 17th day of January , *2022*

Addressed to:

**CLERK, U.S. DISTRICT COURT**
**DISTRICT OF NEVADA**
**LLOYD D. GEORGE U.S. COURTHOUSE**
333 Las Vegas Blvd. South Room 1334
*Las Vegas Nv. 89101*

*STRUCK LOVE BOJANOWSKI & ACEDO, PLC*
**Jacob B. Lee**
**Ashlee B. Hesman**
3100 West Ray Road, Suite 300
**Chandler, Arizona 85226**

**Gina G. Winspear**
*DENNETT WINSPEAR*
3301 North Buffalo Dr., Suite 195
**Las Vegas, Nevada 89129**

# *EXHIBIT A*

**Summons as to**
**Pamela Laurer, Assistant Warden, David Rivas M.D.,**
and **Rebecca Smith R.N.**

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

## District of Nevada

Robert J. Dillon

_____
Plaintiff(s)

v.

Mrs. Laurer

_____
Defendant(s)

)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 2:20-cv-02319

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Mrs. Laurer, Assistant Warden of (NSDC)
2190 E. Mesquite Ave.
Pahrump, NV 89060

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Robert J. Dillon
2190 E. Mesquite Ave.
Pahrump, NV 89060

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT
RUSSELL TANKER

Date: 2/3/21

_____
Signature of Clerk or Deputy Clerk

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Nevada

| | |
|---|---|
| Robert J. Dillon | ) ) ) ) ) |
| _Plaintiff(s)_ | ) |
| v. | ) Civil Action No. 2:20-CV-02319 |
| | ) ) ) |
| Dr. David Rivas | ) ) ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_   Dr. David Rivas, Medical Doctor at (NSDC)
2190 E. Mesquite Ave.
Pahrump, NV 89060

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Robert J. Dillon
2190 E. Mesquite Ave.
Pahrump, NV 89060

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT
RUSSELL TANKER

Date: 2/3/21

_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

## District of Nevada

| | |
|---|---|
| Robert J. Dillon <br> _Plaintiff(s)_ <br> v. <br><br> Rebecca Smith <br> _Defendant(s)_ | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 2:20-CV-02319 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_   Rebecca Smith R.N. at (USDC)
2190 E. Mesquite Ave.
Pahrump, NV 89060

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Robert J. Dillon
2190 E. Mesquite Ave.
Pahrump, NV 89060

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

RUSSELL TANKER

Date: 2/3/21

_Signature of Clerk or Deputy Clerk_

# *EXHIBIT B*

*Letter from Defendants Attorney,*
*AO 398 Notice of a Lawsuit and Request to Waive Service of a Summons*
*Forms* to all said defendant's, *Correction Corporation of America,*
*CoreCivic Inc., Nevada Southern Detention Center, Damon T. Hininger,*
*Bonnie Holley, Mr. Kutz,* and *Sapp*



STRUCK LOVE BOJANOWSKI & ACEDO, PLC

Ashlee B. Hesman
480.420.1631
ahesman@strucklove.com

April 19, 2021

Destination Freedom
ATTN: Gale Sanders, President
P.O. Box 803398
Santa Clarita, CA 91380

Re:    *Robert Dillon v. Correction Corporation of America et al.*,
       United States District Court, District of Nevada Case No. 2:20-cv-02319-APG-NJK

Dear Ms. Sanders:

Enclosed are executed waivers for Defendants Hininger, Holley, Sapp, and Kutz. We have also sent copies to detainee Dillon.

Sincerely,

*Ashlee Hesman*

Ashlee B. Hesman

ABH/tsg
Enclosures as noted
cc:    Robert J. Dillon
       Nevada Southern Detention Center
       2910 East Mesquite Avenue
       Pahrump, NV 89060

3100 West Ray Road | Suite 300 | Chandler, AZ 85226
480.420.1600 | STRUCKLOVE.COM

March 22, 2021

<u>Via Priority Mail</u>
Damon Hiniger, Chairman
Core Civic, Inc.
C/O CT Corporation System
300 Montvue Road
Knoxville, Tennessee 37919-5546

     Re:     Dillon, et al. v. Correction Corporation of America, et al.

Dear Mr. Hiniger:

     This organization is assisting Mr. Dillon in serving the following on you:

1.     Civil Rights Complaint, filed December 21, 2020 and Addendum;
2.     Summons in a Civil Action;
3.     Civil Case Cover Sheet;
4.     Waiver of the Service of Summons (2 copies); and
5.     Notice of a Lawsuit and Request to Waive Service of a Summons (2 copies).

     Please sign and return the Waiver of the Service of Summons in the enclosed self-addressed, prepaid return envelope on or before April 21, 2021.

     Thank you.

Sincerely,
DESTINATION: FREEDOM

Gale Sanders, President

Encls.

"Justice Delayed IS Justice Denied"
William E. Gladstone

Destination: Freedom
P O Box 803398, Santa Clarita, CA 91380-3398
(775) 335-7773
Website: www.destination-freedom.org

Advocates for Prisoner rights, rehabilitation
and criminal justice reform

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
DISTRICT OF NEVADA ☑

| ROBERT J. DILLON | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No.  2:20-CV-02319 |
| CORRECTIONS CORPORATION OF AMERICA ET AL | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:  ROBERT J. DILLON
    *(Name of the plaintiff's attorney or unrepresented plaintiff)*

    I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

    I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

    I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

    I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from MARCH 22 2021, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 4/16/21

*Signature of the attorney or unrepresented party*

DAMON HINIGER, CEO OF CORE CIVIC, INC.
*Printed name of party waiving service of summons*

Ashlee B. Hesman
*Printed name*
Struck Love Bojanowski & Acedo, PLC
3100 W. Ray Road, Suite 300
Chandler, AZ 85226
*Address*

ahesman@strucklove.com
*E-mail address*

(480) 420-1600
*Telephone number*

---

### Duty to Avoid Unnecessary Expenses of Serving a Summons

    Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

    "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

    If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

    If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

March 22, 2021

<u>Via Priority Mail</u>
Mrs. Laurer, Assistant Warden
Nevada Southern Detention Center
2190 E. Mesquite Avenue
Pahrump, Nevada 89060

      Re:    Dillon, et al. v. Correction Corporation of America, et al.

Dear Ms. Laurer:

      This organization is assisting Mr. Dillon in serving the following on you:

1.    Civil Rights Complaint, filed December 21, 2020 and Addendum;
2.    Summons in a Civil Action;
3.    Civil Case Cover Sheet;
4.    Waiver of the Service of Summons (2 copies); and
5.    Notice of a Lawsuit and Request to Waive Service of a Summons (2 copies).

      Please sign and return the Waiver of the Service of Summons in the enclosed self-addressed, prepaid return envelope on or before April 21, 2021.

      Thank you.

                         Sincerely,
                         DESTINATION: FREEDOM

                         Gale Sanders, President

Encls.

"Justice Delayed IS Justice Denied"
    William E. Gladstone

Advocates for Prisoner rights, rehabilitation
and criminal justice reform

Destination: Freedom
P O Box 803398, Santa Clarita, CA 91380-3398
(775) 335-7773
Website: www.destination-freedom.org

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
### for the
### DISTRICT OF NEVADA   ▣

| | | |
|---|---|---|
| ROBERT J. DILLON | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  2:20-CV-02319 |
| CORRECTION CORPORATION OF AMERICA ET AL | ) | |
| *Defendant* | ) | |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: MRS. LAURER, ASSISTANT WARDEN AT NEVADA SOUTHERN DETENTION CENTER
    *(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within __33__ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: 3-19-2021

                                       *Robert J. Dillon*
                                *Signature of the attorney or unrepresented party*

                                     ROBERT J. DILLON
                                       *Printed name*

                                 2190 E. MESQUITE AVE
                                 PAHRUMP NV 89060

                                         *Address*

                                         N/A
                                         *E-mail address*

                                         N/A
                                         *Telephone number*

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
### DISTRICT OF NEVADA ▾

| | |
|---|---|
| ROBERT J. DILLON | ) |
| _Plaintiff_ | ) |
| v. | )    Civil Action No. 2:20-CV-02319 |
| CORRECTIONS CORPORATION OF AMERICA ET AL | ) |
| _Defendant_ | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:   ROBERT J. DILLON
      _(Name of the plaintiff's attorney or unrepresented plaintiff)_

     I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

     I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

     I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

     I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from   _MARCH 22, 2021_ , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

                                    _Signature of the attorney or unrepresented party_

MRS. LAURER, ASST. WARDEN OF NSDC
_Printed name of party waiving service of summons_

                                              _Printed name_

                                              _Address_

                                              _E-mail address_

                                              _Telephone number_

#### Duty to Avoid Unnecessary Expenses of Serving a Summons

     Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

     "Good cause" does _not_ include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

     If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

     If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

March 22, 2021

<u>Via Priority Mail</u>
David Rivas, M.D.
Nevada Southern Detention Center
2190 E. Mesquite Avenue
Pahrump, Nevada 89060

    Re:    Dillon, et al. v. Correction Corporation of America, et al.

Dear Dr. Rivas:

    This organization is assisting Mr. Dillon in serving the following on you:

1.    Civil Rights Complaint, filed December 21, 2020 and Addendum;
2.    Summons in a Civil Action;
3.    Civil Case Cover Sheet;
4.    Waiver of the Service of Summons (2 copies); and
5.    Notice of a Lawsuit and Request to Waive Service of a Summons (2 copies).

    Please sign and return the Waiver of the Service of Summons in the enclosed self-addressed, prepaid return envelope on or before April 21, 2021.

    Thank you.

                    Sincerely,
                    DESTINATION: FREEDOM

                    Gale Sanders, President

Encls.

*"Justice Delayed IS Justice Denied"*
    *William E. Gladstone*

*Advocates for Prisoner rights, rehabilitation and criminal justice reform*

*Destination: Freedom*
P O Box 803398, Santa Clarita, CA 91380-3398
(775) 335-7773
*Website:* www.destination-freedom.org

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
### for the
### DISTRICT OF NEVADA ▼

| | | |
|---|---|---|
| ROBERT J. DILLON | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  2:20-CV-02319 |
| CORRECTION CORPORATION OF AMERICA ET AL | ) | |
| *Defendant* | ) | |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:  DAVID RIVAS, M.D. AT NEVADA SOUTHERN DETENTION CENTER

*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

### Why are you getting this?

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within  ͵3͵3  days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

### What happens next?

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date:  3-19-2021

*Robert J. Dillon*
*Signature of the attorney or unrepresented party*

ROBERT J. DILLON
*Printed name*

2190 E. MESQUITE AVE
PAHRUMP NV 89060
*Address*

N/A
*E-mail address*

N/A
*Telephone number*

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
DISTRICT OF NEVADA ▾

ROBERT J. DILLON
*Plaintiff*
   v.
CORRECTIONS CORPORATION OF AMERICA ET AL
*Defendant*

)
)
)
)
)
)

Civil Action No. 2:20-CV-02319

## WAIVER OF THE SERVICE OF SUMMONS

To:  ROBERT J. DILLON
    *(Name of the plaintiff's attorney or unrepresented plaintiff)*

    I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

    I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

    I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

    I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from   *MARCH 22, 2021*  , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
DAVID RIVAS, M.D. AT NSDC
*Printed name of party waiving service of summons*

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

    Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

    "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

    If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

    If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

March 22, 2021

*Via Priority Mail*
Rebecca Smith, R.N.
Nevada Southern Detention Center
2190 E. Mesquite Avenue
Pahrump, Nevada 89060

      Re:    Dillon, et al. v. Correction Corporation of America, et al.

Dear Ms. Smith:

      This organization is assisting Mr. Dillon in serving the following on you:

1. Civil Rights Complaint, filed December 21, 2020 and Addendum;
2. Summons in a Civil Action;
3. Civil Case Cover Sheet;
4. Waiver of the Service of Summons (2 copies); and
5. Notice of a Lawsuit and Request to Waive Service of a Summons (2 copies).

      Please sign and return the Waiver of the Service of Summons in the enclosed self-addressed, prepaid return envelope on or before April 21, 2021.

      Thank you.

                              Sincerely,
                              DESTINATION: FREEDOM

                              Gale Sanders, President

Encls.

"Justice Delayed IS Justice Denied"
William E. Gladstone

Advocates for Prisoner rights, rehabilitation
and criminal justice reform

Destination: Freedom
P O Box 803398, Santa Clarita, CA 91380-3398
(775) 335-7773
Website: www.destination-freedom.org

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
for the
DISTRICT OF NEVADA    ▼

| | | |
|---|---|---|
| ROBERT J. DILLON | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  2:20-CV-02319 |
| CORRECTION CORPORATION OF AMERICA ET AL | ) | |
| *Defendant* | ) | |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:  REBECCA SMITH, R.N. OF NEVADA SOUTHERN DETENTION CENTER

*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

### Why are you getting this?

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within __33__ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

### What happens next?

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: 3-19-2021

*Robert J. Dillon*

*Signature of the attorney or unrepresented party*

ROBERT J. DILLON

*Printed name*

2190 E. MESQUITE AVE
PAHRUMP NV 89060

*Address*

N/A

*E-mail address*

N/A

*Telephone number*

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
### DISTRICT OF NEVADA ▾

|  |  |
|---|---|
| ROBERT J. DILLON | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:20-CV-02319 |
| CORRECTIONS CORPORATION OF AMERICA ET AL | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:  ROBERT J. DILLON
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from  *March 22, 2021* , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____          _____
                                                                    *Signature of the attorney or unrepresented party*

REBECCA SMITH, R.N. AT NSDC          _____
*Printed name of party waiving service of summons*                    *Printed name*

_____
                                                                                            *Address*

_____
                                                                                        *E-mail address*

_____
                                                                                    *Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

Robert J. Dillon # 55496048
2190 E. Mesquite Ave.
Pahrump, NV 89060

This correspondence originated
from a detention facility.
The facility is not responsible
for the contents herein.

```
_____ FILED        _____ RECEIVED
_____ ENTERED      _____ SERVED ON
          COUNSEL/PARTIES OF RECORD

            JAN 20 2022

        CLERK US DISTRICT COURT
          DISTRICT OF NEVADA

BY: _____ DEPUTY
```

XRAYED US MARSHALS SERVICE

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA

LLOYD D. GEORGE U.S. COURTHOUSE
  333 LAS VEGAS BLVD. SOUTH ROOM 1334
LAS VEGAS, NV 89101