FILED _____ _____RECEIVED
_____ENTERED _____SERVED ON
COUNSEL/PARTIES OF RECORD

FEB 2 2 2022

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY: _____DEPUTY

**Robert J. Dillon #55496048**
Pretrial Detainees
Nevada Southern Detention Center
2190 East Mesquite Avenue
Pahrump, NV 89060

*Pro Se*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\*\*\*

Robert J. Dillon,

    *Plaintiff(s)*

       Vs.
                           Civil No: **2:20-cv 02319-APG-NJK**

Correction Corp of America, et al.,

    *Defendant(s)*

---

## RECONSIDERATION OF APPOINTMENT OF COUNSEL
### *Pursuant to § 1915*

Comes now, Plaintiff Robert J. Dillon, ***Pursuant to § 1915*** requests this court to reconsider appointment of counsel to represent Him in this case for the following reasons.

1. The plaintiff is unable to afford counsel.

2. The issues involved in this case are complex.

3. The plaintiff, is a pretrial detainee, and at times has limited knowledge of the law.

4. The plaintiff, is in the pretrial stages and nearing a trial in this matter and if this matter were to go to trial, plaintiff has no legal education or trial experience to present his case.

5. The plaintiff has had outside sources contact at least three attorneys, *Nikki Levy (ACLU Civil Rights Attorney),* **Travis Barrick, Brett Carter, David Fisher and Morgan & Morgan** and others asking them to handle his case but they all have declined.

WHEREFORE, this Honorable Court should reconsider appointment of counsel to represent the plaintiff.

## DECLARATION IN SUPPORT OF PLAINTIFFS MOTION
## FOR RECONSIDERATION OF APPOINTMENT OF COUNSEL

Robert J. Dillon states:

1. He is the plaintiff in the above-entitled case. He makes this declaration in support of His motion for this appointment of counsel.

2. The complaint in this case alleges that the plaintiff is suing the *Nevada Southern Detention Center ECT No. 1-1 at 1-2.* Dillon sues the *Nevada Southern Detention Center* and *Correction Corporation of America*, which has a contract to operate a detention center for the Department of Justice's Bureau of Prisons. *ECF No. 1-1 at 2.* He also sues the Chief Executive Officer of *CoreCivic Inc., Damon T. Hininger,* and the following employees for *Nevada Southern Detention Center: Bonnie Holley, Mr. Sapp and Mr. Kutz.* Although Dillon initiated this action as a pretrial detainee, he is not suing a government entity or officer or employee of a government entity. He is suing a private corporation, a private chief executive officer, a private prison, and the private prisons employees for **Medical Negligence, Deliberate Indifference, Reckless Disregard, Respondent Superior, Cruel and Unusual Punishment** a Violation of the HIS **5ᵗʰ** and **8ᵗʰ** Amendments of the Constitution.

3. This is a complex case because it contains several different legal claims, with each claim involving multiple defendants.

4. The case involves medical issues that may require expert testimony.

5. The plaintiff has demanded a jury trial.

6. The Plaintiff has little to no legal education.

7. Plaintiff is a pro se litigant attempting to vindicate his legal rights and the rights of others who may be similarly situated (*having experienced similar medical mistreatment during their stay at Nevada Southern Detention Center*).

8. As set fourth in the Memorandum of Law submitted with this motion, these facts along with legal merit of plaintiff's claims, support the appointment of counsel to represent the plaintiff.

WHEREFORE, the plaintiff's motion for reconsideration for appointment of counsel should be Granted.

*Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.*

Executed at Nevada Southern Detention Center on 2-3-2022 Date

_Robert J. Dillon_
**Robert J. Dillon**
*Pro Se Litigant*

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS
## MOTION FOR RECONSIDERATION OF APPOINTMENT OF COUNSEL

*Statement of the Case*

This is a civil rights case filed under *42 U.S.C. § 1983* by pre-trial pro se litigant **Robert J. Dillon** asserting claims for the unconstitutional deliberate indifference, medical negligence, Cruel and Unusual Punishment and failure-to-protect Violations by Chief Executive Officer of **CoreCivic Inc.**, **Damon T. Hininger**, and the following employees for **Nevada Southern Detention Center: Bonnie Holley, Mr. Sapp and Mr. Kutz**. while being housed at **Nevada Southern Detention Center**. The plaintiffs seek damages as to all claims and an injunction to ensure proper medical care for his self as well as all inmates and detainees here at **Nevada Southern Detention Center** are provided in future instances.

## ARGUMENT

## THE COURT SHOULD APPOINT COUNSEL FOR THE PLAINTIFF.

In deciding whether to appoint counsel for an indigent litigant, the court should consider "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." *Abdullah v. Gunter*, *949 F.2d 1032, 1035 (8th Cir. 1991)(citation omitted)*. In addition, courts have suggested that the most important factor weighs in favor of appointment of counsel in this case.

1. *Factual Complexity.* Plaintiff allege that Chief Executive Officer of **CoreCivic Inc.**, **Damon T. Hininger**, and the following employees for **Nevada Southern Detention Center** a *CoreCivc Inc*. Operated private prison: **Bonnie Holley, Mr. Sapp and Mr. Kutz** subjected him to **deliberate indifference, medical negligence, Cruel and Unusual Punishment Violations and failure-to-protect** by failing to provide adequate medical care to his serious medical needs. The sheer number of defendants makes this a factually complex case.

2. *The plaintiffs ability to investigate.* The plaintiff has limited ability to investigate the facts. For example, he is unable to identify, locate, all defendants who have been named in this case. He is in the same situation with regard to developing the facts as an inmate that has been transferred to a different institution, a factor that several courts have cited in appointing counsel. *Tucker v. Randall*, *948 F.2d 288, 391-92 (7th Cir. 1991); Gatson v. Coughlin, 679 F.Supp. 270, 273 (W.D.N.Y. 1988)*. In addition, this case will require considerable discovery concerning the medical records, affidavits, filed motions, court orders and expert witnesses. See *Parham v. Johnson*, *126 F3.d 454, 459 (3d Cir. 1997) (holding counsel should have been appointed because "prisoner's lack of legal experience and the complex discovery rules clearly put him at a disadvantage in countering the defendants discovery tactics . . . these [discovery] rules prevented [the Plaintiff] from presenting an effective case below.")*.

3. *Conflicting testimony.* The Plaintiffs account of the negligence in providing adequate medical care while being housed at NSDC is squarely in conflict with the statements that have been released by NSDC's Administration regarding the way in which they are handling Dillon's medical condition. The existence of these credibility issues support the appointment of counsel. *Steele v. Shah*, *87 F.3d 1266, 1271 (11th Cir. 1996); Gatson v. Coughlin, 679 F.Supp. At 273*.

4. *The ability of indigent to present his claim.* The plaintiff is a indigent pretrial detainee with no legal training, a factor that supports the appointment of counsel.
*Forbes v. Edgar, 112 F.3d 262, 264 (7ᵗʰ Cir. 1997) (citing lack for ready access to a law library as a factor supporting appointment of counsel).*

5. *Legal complexity.* The number of defendants, all of whom are supervisory officials, presents complex legal issues of determining which defendants were sufficiently personally involved in the constitutional violations to be held liable. *Hendricks v. Coughlin, 114 F.3d 390, 394 (2d Cir. 1997) (holding complexity of supervisory liability supported appointment of counsel).* In addition, the plaintiff has ask for a jury trial, which require much greater skill than the plaintiff has or can develop. *Solis v. County of Los Angeles, 514 F.3d 946, 958 (9ᵗʰ Cir. 2008) (prisoner with eighth grade education and no legal training is "ill-suited" to conduct a jury trial).*

6. *Merit of the case.* The plaintiff's allegations, if proved, clearly would establish a constitutional violation. The unprovoked and injurious negligence to Dillon's serious medical needs in the complaint clearly states an Fifth and Eighth Amendment violation.
*See Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995 (1992).* The allegations of denial and delay of medical care amount to "intentional interfering with the treatment and medical care once prescribed," which the Supreme Court has specifically cited as an example of unconstitutional deliberate indifference to a prisoners medical needs.
*Estelle v. Gamble, 429 U.S. 97, 105, 97 S.Ct. 285 (1976).* The unjustified delay in treating Dillon's condition with no supporting evidence and the failure to give a meaningful statement of reasons for the decisions are all violations of clearly established due process principles.
*See Ponte v. Real, 471 U.S. 491, 497, 105 S.Ct. 2192 (1985); Superintendent v. Hill, 472 U.S. 445, 457, 105 S.Ct. 2768 (1985); Wolff v. McDonnell, 418 U.S. 539, 559, 94 S.Ct. 2963 (1974).* On its face, then this is a meritorious case.

## CONCULSION

Dillon is still dealing with scheduling mishaps in getting *NSDC* and the *U.S. Marshals Service* to get him out to an outside Physician to correct his Medical issues.

For the foregoing reasons, the court should grant the plaintiff's motion and appoint counsel on this case.

I understand that a false statement or answer to any question in this Motion will subject Me to penalties of perjury. *I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT. See 28 U.S.C. § 1746 and 18 U.S.C. § 1621.*

*Executed at Nevada Southern Detention Center on* 2-3-2022 *Date*

*Robert J. Dillon*
*Pro Se Litigants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above forgoing **RECONSIDERATION OF APPOINTMENT OF COUNSEL** has been served by placing in the United States Mail postage prepaid on the 3rd day of February , *2022*

Addressed to:

**CLERK, U.S. DISTRICT COURT**
**DISTRICT OF NEVADA**
**LLOYD D. GEORGE U.S. COURTHOUSE**
333 Las Vegas Blvd. South Room 1334
 **Las Vegas Nv. 89101**

*STRUCK LOVE BOJANOWSKI & ACEDO, PLC*
**Jacob B. Lee**
**Ashlee B. Hesman**
3100 West Ray Road, Suite 300
**Chandler, Arizona 85226**

**Gina G. Winspear**
*DENNETT WINSPEAR*
3301 North Buffalo Dr., Suite 195
**Las Vegas, Nevada 89129**



