**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ROBERT J. DILLON,

      Plaintiff

v.

DAMON HININGER, et al.,

      Defendants

Case No.: 2:20-cv-02319-APG-NJK

**Order Granting in Part and Denying in Part Motion to Dismiss**

[ECF No. 20]

Plaintiff Robert J. Dillon is a pretrial detainee at Nevada Southern Detention Center (NSDC). CoreCivic is a private company that owns and operates NSDC under an agreement with the United States Marshals Service. Defendant Damon Hininger is the CEO at CoreCivic, and defendants Bonnie Holley, Sapp, and Kutz[1] are employed by CoreCivic.

Dillon sues the defendants, alleging they exhibited deliberate indifference to his medical needs and medical negligence. The defendants now move to dismiss all claims against them. The argue, among other things, that Dillon cannot bring a claim under 42 U.S.C. § 1983 because the defendants are not state actors, that no *Bivens* claim is available to Dillon, and that I do not have personal jurisdiction over Hininger. I agree that Dillon cannot bring claims against these defendants under either § 1983 or *Bivens*. I therefore dismiss Dillon's federal claims. To the extent Dillon wishes to pursue state tort claims, the parties must show cause as to whether this action should be dismissed for lack of subject matter jurisdiction under 28 U.S.C. § 1332.

**I. 42 U.S.C. § 1983 AND *BIVENS***

The defendants argue that I must dismiss Dillon's § 1983 claims because NSDC employees derive their power from the federal government instead of the state, and are therefore

---

[1] The parties have not provided the first names of defendants Sapp and Kutz.

not state actors within § 1983's meaning.  They contend that the proper claim against them would be a *Bivens* claim, but Dillon's hypothetical *Bivens* claims would be futile.  They argue courts disfavor expanding the *Bivens* remedy, and Dillon's *Bivens* claims in the Fifth, Eighth,[2] and Fourteenth Amendment context against private prison employees would be a new context for *Bivens* purposes.  They argue that because Dillon has alternative remedies available, including state-law tort actions, he cannot bring a *Bivens* claim.

Dillon responds that the defendants are state employees because they are employed by a privately owned corporation that operates in Nevada and has a contract with a federal entity.  He argues CoreCivic acts under color of state law by operating NSDC.  Dillon notes that he has not filed a *Bivens* claim, and that he has exhausted the administrative remedy available to him.

A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  I apply a two-step approach when considering a motion to dismiss. *Id.* at 679.  First, I accept as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in the plaintiffs' favor. *Id.*; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247-48 (9th Cir. 2013).  Second, I consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679.  Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

---

[2] The defendants note that the Eighth Amendment does not apply to Dillon as a pretrial detainee.

Federal actors are not subject to liability under 42 U.S.C. § 1983. *Morse v. N. Coast Opportunities, Inc.*, 118 F.3d 1338, 1343 (9th Cir. 1997) ("[B]y its very terms, § 1983 precludes liability in federal government actors."). Instead, a plaintiff may sue a federal officer in their individual capacity for damages for violating the plaintiff's constitutional rights under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971). "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

A *Bivens* cause of action may not be brought against employees of a privately operated federal prison where the allegedly wrongful conduct is of a kind that typically falls within the scope of traditional state tort law. *See Minneci v. Pollard*, 565 U.S. 118, 125-26 (2012) (declining to extend *Bivens* to an Eighth Amendment-based claim against employees of a privately operated federal prison primarily because state tort law provides an alternative process capable of protecting the constitutional interests at stake); *see also Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 63 (2001) (declining to extend *Bivens* to allow recovery against a private corporation operating housing for federal prisoners and detainees under federal contract). Expanding the *Bivens* remedy is "disfavored." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1848 (2017).

CoreCivic's authority to operate NSDC and house pretrial detainees stems from its agreement with the United States Marshals Service, a federal agency. CoreCivic's actions at NSDC cannot be fairly attributed to the State of Nevada. Accordingly, CoreCivic's employees are considered federal actors rather than state actors for purposes of this case. *Pollard v. GEO Grp., Inc.*, 607 F.3d 583, 588–89 (9th Cir. 2010), *rev'd on other grounds sub nom. Minneci*, 565

U.S. 118 (2012). The defendants are not subject to liability under § 1983 because they are not state actors. Consequently, I dismiss Dillon's § 1983 claims.

Even if I were to consider Dillon's claims as *Bivens* claims, they would still fail. Dillon alleges that the defendants acted negligently, recklessly, and exhibited deliberate indifference to his medical treatment and condition. These types of claims fall within the scope of traditional state tort law. Indeed, Dillon asserts in his response that he has availed himself of state court tort actions, though it is not clear whether he filed a state court lawsuit based on the same allegations in his complaint, or if he means to bring state tort actions in this complaint. Regardless, were I to consider Dillon's § 1983 claims as *Bivens* claims, I would dismiss them because a *Bivens* claim against private prison employees is not available in these circumstances.

## II. STATE LAW CLAIMS

Federal district courts have limited jurisdiction, deriving their power to hear cases from specific congressional grants of jurisdiction. *U.S. v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000). Because I have dismissed Dillon's § 1983 claims (and any potential *Bivens* claim), there is no federal question jurisdiction. *See* 28 U.S.C. § 1331 (granting federal district court jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States"). Under 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." Diversity jurisdiction requires complete diversity, meaning the plaintiff cannot be a citizen of the same state as any defendant. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). As the party seeking to invoke this court's jurisdiction, Dillon bears the burden of proving the court has jurisdiction. *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

If Dillon means to assert state law negligence claims in his current complaint, his complaint does not contain sufficient allegations to support diversity jurisdiction under 28 U.S.C. § 1332(a).  To the extent Dillon wishes to allege state law claims in federal court, the parties are ordered to file supplemental briefs by March 31, 2022 to explain whether I should dismiss this action for lack of subject matter jurisdiction.  If I have jurisdiction, I likely will grant Dillon leave to file an amended complaint so he can more clearly state his state law claims to be sure I do not misconstrue them.  If I do not have jurisdiction, I will dismiss Dillon's complaint without prejudice to his filing his state law claims in state court.  I reserve my ruling on whether I have personal jurisdiction over Hininger until I determine whether I have jurisdiction over this matter.

## III.  CONCLUSION

I THEREFORE ORDER that the defendants Hininger, Holley, Sapp, and Kutz's motion to dismiss **(ECF No. 20) is GRANTED** to the extent that I dismiss the plaintiff's claims brought under 42 U.S.C. § 1983 and *Bivens*.

I FURTHER ORDER the parties to show cause in writing why this action should or should not be dismissed for lack of subject matter jurisdiction under 28 U.S.C. § 1332 by **March 31, 2022.**  Failure to do so will result in dismissal of this case without prejudice to Dillon's filing his claims in state court.

DATED this 11th day of March, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

5