## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

ROBERT J. DILLON,

    Plaintiff

v.

CORRECTION CORPORATION OF
AMERICA, et al.,

    Defendants

Case No.: 2:20-cv-02319-APG-NJK

**Order**

[ECF No. 72]

    I previously dismissed Robert Dillon's federal-law claims and ordered him to show cause why his state-law claims should not be dismissed. ECF No. 69.  Dillon did not respond to my order so I dismissed those claims without prejudice. ECF No. 70.  Rather than pursue his claims in Nevada state court, Dillon has filed what he terms a "Motion for Plaintiffs (sic) Notice of Appeal" under Federal Rule of Appellate Procedure 3. ECF No. 72.  In that motion, he also asks for relief under Federal Rule of Civil Procedure 60. *Id.* at 4.  Because I have no jurisdiction over his appeal, I will address only his request for relief under Rule 60.

    Dillon contends that he did not respond to my order to show cause because he did not receive it. ECF No. 72 at 1.  But even if that is true, his motion does not offer a sufficient basis to overturn my original order.  I explained in that order why Dillon cannot pursue his § 1983 claims or *Bivens* claims against the defendants. ECF No. 69 at 1-4.  His motion does not convince me otherwise.  Overturning my prior order and allowing the case to proceed would be a futile act because Dillon's federal-law claims must be dismissed.

    Nor has Dillon shown how I have jurisdiction over his state law claims.  The parties are not diverse because Dillon and defendants Holley, Sapp, and Kutz (and possibly Lauer and

Smith) are Nevada residents. *See* ECF No. 73 at 4; ECF No. 7 at 2-3. Thus, I cannot exercise diversity jurisdiction over the state law claims. Even if I had jurisdiction over those claims, I would decline to exercise supplemental jurisdiction over them now that the federal claims have been dismissed. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *Int'l Longshore & Warehouse Union v. Port of Portland*, 844 F.3d 864, 866 (9th Cir. 2016) ("[W]hen all federal law claims are eliminated before trial, the district court is duty-bound to take seriously the responsibility to decline or retain jurisdiction over any remaining state law claims.") (simplified).

Rule 60 allows a court to relieve a party from a judgment or order because of "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Dillon has not demonstrated that any of these reasons exists here.

I THEREFORE ORDER that plaintiff Robert J. Dillon's motion **(ECF No. 72) is denied**.

DATED this 20th day of July, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

2